## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN KETZ and ROBERT A. KETZ, | : 3:07cv731 |
| Plaintiffs | : |
| | : (Judge Munley) |
| v. | : |
| PROGRESSIVE NORTHERN INSURANCE COMPANY, | : |
| Defendants | : |

## MEMORANDUM

Before the court for disposition is the plaintiffs' Motion to Remand Pursuant to 28 U.S.C. § 1447. (Doc. 3). For the following reasons, the motion will be denied.

## Background

On January 25, 2005, Plaintiff Kathleen Ketz was struck head-on while operating her motor vehicle. (Complaint, Doc. 1-3 (hereinafter "Compl."), ¶¶ 5-7). The accident was caused by a speeding SUV traveling in the wrong lane. (Id. ¶¶ 5-7). As a result of the accident, she suffered "severe and permanent injuries" and required, and may be continued to require, diverse medical care and treatment. (Id. ¶¶ 9-10). At the time of the accident, Defendant Progressive insured the automobile owned and operated by the plaintiffs. (Id. ¶ 18). The insurance policy's underinsured motorist coverage was in the amount of $100,000 per person, $300,000 per accident, stacked (total available to plaintiffs for injuries and damages here is $200,000). (Id. ¶ 18). The driver of the SUV was an underinsured motorist and incapable of satisfying the plaintiffs' damages. (Id. ¶ 16).

On February 2, 2006, counsel for plaintiffs advised defendant of plaintiffs' intent to pursue an underinsured motorist claim. (Id. ¶ 19). By letter dated February 22, 2006, defendant informed plaintiffs that it would waive subrogation against the driver of the SUV and the plaintiffs had

permission to settle.  (Id. ¶ 20).  By letter dated September 18, 2006, plaintiffs made a request for a reasonable amount of underinsured motorist benefits due under the policy and submitted Plaintiff Kathleen Ketz's medical records to assist in the evaluation of the claim.  (Id. ¶ 21).  No offer to settle has been communicated by the defendants as of April 3, 2007.  (Id. ¶ 26).

    The defendant did, however, communicate a preference for arbitration on May 15, 2006 and reinforced that position in writing on June 7, 2006.  (Id. ¶¶ 27-28).  On December 4, 2006, defendant informed plaintiffs that it would only agree to arbitration if Judge Thomas Raup was the sole arbitrator.  (Id. ¶ 30).  The next day the defendant further informed the plaintiff that some procedural and evidentiary issues had to be worked out before a final agreement to arbitrate could be reached; consequentially, plaintiffs requested articulation of the issues.  (Id. ¶¶ 31-32).  On December 12, 2006, defendant identified five issues and, on the same day, plaintiffs requested proposed resolutions.  (Id. ¶¶ 33-34).  On December 27, 2006, plaintiffs repeated their request.  (Id. ¶ 35).  Since no reply was forthcoming, on January 11, 2007 the plaintiffs again contacted defendant and agreed to arbitration solely by Judge Raup with no other requirement.  (Id. ¶ 36).  On January 26, 2007, defendant consented to arbitration, but only if eight requirements were accepted by the plaintiffs.  (Id. ¶ 37).  On January 30, 2007, plaintiffs responded and attempted to resolve various issues.  (Id. ¶ 38).  Finally, on March 8, 2007, plaintiffs requested a response to the January 26 proposals, but no response was communicated.  (Id. ¶ 39).

    On April 3, 2007, plaintiffs filed the instant case in the Court of

Common Pleas of Lackawanna County, Pennsylvania.  The Complaint raises the following two causes of action: 1) Breach of Contract; and 2) Bad Faith as defined by 42 Pa. C.S.A. § 8371.  (Id. p.11-14).  In Count 1, plaintiffs contend that defendant violated its fiduciary and statutory obligation to investigate, evaluate and negotiate the plaintiffs' underinsured motorist claim in good faith and to arrive at a prompt and equitable settlement.  (Id. ¶ 48).  Plaintiffs seek in excess of $50,000 in damages.  (Id. p.12).  In Count 2, plaintiffs assert that defendant engaged in wanton and reckless conduct with regard to the welfare, interest and rights of the plaintiffs, its insureds, and is liable for its bad faith conduct.  (Id. ¶ 55).  Plaintiffs again seek in excess of $50,000 in damages.  (Id. p.14).

On April 20, 2007, defendant removed the case to this court in accord with 28 U.S.C. § 1446(b).  Defendant claims that jurisdiction is based upon the amount in controversy and complete diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  Subsequently, plaintiffs challenged the amount in controversy by filing a motion to remand which brings the case to its present posture.

**Discussion**

Federal courts, being courts of limited jurisdiction, have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of a case.  Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1049 (3d Cir. 1993) *cert. denied sub nom* Upp v. Mellon Bank, N.A., 510 U.S. 964 (1993).

Generally, a defendant can remove a civil action that was filed in state court if the federal court would have had original jurisdiction to address the matter.  28 U.S.C. § 1441.  Once a case is removed, the federal court may remand it if the court determines that it lacks federal

subject matter jurisdiction.  28 U.S.C. § 1447(c).¹  Removal statutes are to be strictly construed against removal, and all doubts should be resolved in favor of remand.  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

The burden of establishing jurisdiction in the removal situation rests with the defendant.    Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 222 (3d Cir. 1999). In the notice of removal, the defendant indicates that the court has diversity jurisdiction under 28 U.S.C. § 1332.  (Notice of Removal, Doc. 1, ¶ 5-7).  Pursuant to this statutory section, jurisdiction is proper in federal district court where the action involves citizens of different states and an amount in controversy, exclusive of interest and costs, in excess of $75,000.00.  28 U.S.C. § 1332.  Plaintiff asserts that the jurisdictional threshold amount is not met.  The defendant must show by a preponderance of the evidence that the plaintiffs' claims exceed the jurisdictional amount. Wilbur v. H & R Block, Inc., 170 F.Supp. 480, 482 (M.D.Pa. 2000)(citing DeAguilar v. Boeing Co., 47 F.3d 1404, 1411 (5th Cir. 1995)). The defendant's right to remove is to be determined according to the plaintiffs' pleading at the time of the petition for removal.  Liberty Mutual v. Ward Trucking, 48 F.3d. 742, 750 (3d Cir. 1995) (concluding that no other documents are required since the court has the power to remand *sua sponte* at any time under 28 U.S.C. § 1447(c)).

Defendant argues that the amount sought in each of plaintiffs' counts can be aggregated to meet the jurisdictional threshold.  Plaintiffs argue that

---

¹In pertinent part, 28 U.S.C. § 1447(c) provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

such aggregation is inappropriate.  We agree with the defendant.

Typically, claims brought by a single plaintiff against a single defendant can be aggregated when calculating the amount in controversy, regardless of whether the claims are related to each other. C.D. Peacock, Inc. v. Neiman Marcus Group, Inc., No. CIV.A. 97-5713, 1998 WL 111738, at *3 (E.D.Pa March 8, 1998)(citing Snyder v. Harris, 394 U.S. 332, 335 (1969)).  Two claims cannot be aggregated to satisfy the jurisdictional amount, however, if the plaintiff could not recover damages for both. Id. (citing Suber v. Chrysler Corp., 104 F.3d 578, 588 (3d Cir. 1997)).  If the two claims are alternative bases for recovery for the same harm under state law, plaintiffs could not be awarded damages for both, and a court should not aggregate the claims to arrive at the amount in controversy.  Id. Therefore, we must determine whether the plaintiffs' claims for beach of contract and bad faith are alternative bases for recovery or separate and distinct.

We find that the plaintiffs' claims for breach of contract and bad faith are distinct.  In order to recover for breach of contract, plaintiff must establish (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damages. CoreStates Bank, N.A. v. Cutillo, 723 A.2d. 1053, 1058 (Pa. Super. Ct. 1999)(citing Gen. State Auth. v. Coleman Cable & Wire Co., 365 A.2d 1347, 1349 (Pa. Commw. Ct. 1976)).  To state a cause of action for bad faith under § 8371, plaintiffs must show by clear and convincing evidence that (1) the insurer lacked a reasonable basis for denying coverage; and (2) the insurer knew or recklessly disregarded its lack of a reasonable basis.  Adamski v. Allstate Ins. Co., 738 A.2d 1033, 1036 (Pa. Super. Ct.

1999)(citing Terletsky v. Prudential Property & Casualty Ins. Co., 437 A.2d 680 (Pa. Super. Ct. 1994)).  Thus, the two claims are not alternative bases for recovery and can be aggregated to calculate the amount in controversy.

For breach of contract, plaintiffs seek a sum in excess of $50,000 together with compensatory damages, interest, costs of suit, attorney's fees and such other just and proper relief.  (Compl. p.12).  For bad faith, plaintiffs seek a sum in excess of $50,000 together with compensatory damages, punitive damages, interest, costs of suit, attorney's fees and other damages allowed by 42 Pa. C.S.A. § 8371.  (Compl. p.14).  The aggregation of the claims creates an amount in controversy, exclusive of interest and costs, in excess of $100,000.  Therefore, we find the statutory minimum of $75,000 satisfied by the aggregation of the claims and diversity jurisdiction pursuant to 28 U.S.C. § 1332 clearly established

Furthermore, when a complaint does not limit its request to a precise monetary amount, we may make an independent appraisal of the value of the rights being litigated in order to determine whether the amount in controversy is satisfied.  Ciancaglione v. Sutherlin, No. Civ.A.04-CV-2249, 2004 WL 2040342, at *2 (E.D.Pa. September 13, 2004)(citing Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993)).  In doing so, we may look to any settlement demands made by the plaintiffs.  Id. (citing Broderick v. Dellasandro, 859 F.Supp. 176, 179 (E.D.Pa. 1994)).  Here, on September 18, 2006, plaintiffs made a settlement demand of $200,000.  Consequentially, we alternatively find the statutory minimum of $75,000 satisfied because an independent appraisal of the claim's value reveals an amount in controversy of $200,000.  Diversity jurisdiction pursuant to 28 U.S.C. § 1332 is established.  Therefore, we will deny the plaintiffs' Motion

to Remand Pursuant to 28 U.S.C. § 1447.

to Remand Pursuant to 28 U.S.C. § 1447.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KATHLEEN KETZ and** | : | 3:07cv731 |
| **ROBERT A. KETZ,** | : | |
| Plaintiffs | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| **PROGRESSIVE NORTHERN** | : | |
| **INSURANCE COMPANY,** | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

# ORDER

**AND NOW** to wit, this 14th day of June 2007, plaintiffs' Motion to Remand Pursuant to 28 U.S.C. § 1447 (Doc. 3) is **DENIED**.

                                        **BY THE COURT:**

                                        **s/ James M. Munley**

                                        **JUDGE JAMES M. MUNLEY**
                                        **United States District Court**